UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILTON LEOBARDO SUAZO GOMEZ (A-205-995-219),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-7712 DC CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Hilton Leobardo Suazo Gomez (A-205-995-219), a native and citizen of Nicaragua who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention by immigration authorities. For the reasons that follow, the Court recommends granting the petition for writ of habeas corpus and ordering petitioner's immediate release.

## I. BACKGROUND

Petitioner is a native and citizen of Nicaragua. (ECF No. 5 at 7.) Petitioner entered the United States on or about April 15, 2013, at which time he was encountered by U.S. Border

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

Patrol. (Id. at 13.) Petitioner was processed as "Expedited Removal with Credible Fear" and turned over to the custody of U.S. Immigration and Customs Enforcement ("ICE"). (Id.) Credible fear was found and petitioner was released on June 24, 2013. (Id.) The Form I-213 states that petitioner was issued a Notice to Appear at the time of release, but respondents did not include this Notice to Appear in the exhibits attached to the answer. (Id.) On July 27, 2023, an immigration judge ordered dismissal of petitioner's case. (Id.) On August 18, 2026, petitioner was arrested by the Miami, Florida Police Department for the moving traffic violation of no valid driver's license. (Id. at 14, 21.) On August 18, 2026, custody of petitioner was transferred from the Turner Guilford Knight Correctional Center in Miami, Florida to ICE. (Id. at 13.) On August 20, 2026, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (Id. at 7-10.) The Notice to Appear charged petitioner with violating INA section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General, and INA section 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)A)(i)(I), as an immigrant without a valid entry document. (Id. at 1.) Petitioner did not receive a bond hearing prior to his detention. (See ECF No. 1.)

Attached to the answer is a record from the government's Executive Office for Immigration Review Automated Case Information website stating that petitioner's master hearing before an immigration judge is set for October 13, 2026. (ECF No. 5 at 29.) However, this website now reflects that petitioner's master hearing is set for November 10, 2026.[3] See

---

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)( (INA § 235(b)(1)).

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

https://acis.eoir.justice.gov/en.

## II. PROCEDURAL BACKGROUND

On September 21, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On October 5, 2026, respondent filed an answer to the petition. (ECF No. 5.) Petitioner did not file a traverse. (See Docket.) Briefing is complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). The petition raises the following claims: (1) violation of the Fifth Amendment Due Process Clause; (2) violation of the INA; (3) financial obligations; and (4) irreparable harm. (ECF No. 1 at 6-7.) In the answer, respondents state that petitioner is lawfully detained under 8 U.S.C. § 1226(a) and is entitled to seek a bond hearing before an immigration judge. (ECF No. 6 at 1-4.)

### A. Statutory Claim

In Rodriguez Vazquez, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention

regime of § 1226, not § 1225(b)(2)(A)." 183 F.3d at 1165. The majority of courts nationwide agree with this interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

This Court finds that petitioner is detained under § 1226(a). See Rodriguez Vazquez, 183 F.3d at 1165. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)). As such, petitioner should have received a bond hearing at the outset of his detention. Respondents do not argue that petitioner is a flight risk or danger to the community. (See ECF No. 5.) There is no evidence in the record, nor has respondent presented any such argument, suggesting that there was the necessity for quick action by ICE such that petitioner could not be provided with a pre-deprivation hearing after being released from local

custody. (See id.) Accordingly, this Court recommends that the petition be granted as to the statutory claim and that petitioner be immediately released. See Hidalgo v. Warden, No. 1:26-cv-3511 DC JCP, 2026 WL 1707795, at *1-2 (E.D. Cal. June 12, 2026) (ordering release of noncitizen detained following arrest related to failure to appear on charges of driving without a license).

## V. PETITIONER'S REMAINING CLAIMS

Because the Court recommends granting the petition on the statutory claim, the Court need not address the remaining claims raised in the petition. See N.K. v. Noem, 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to the second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release."). Petitioner is entitled to the habeas relief he seeks on the court's ruling as to the statutory claim.

## VI. CONCLUSION

This Court recommends that the petition be granted as to petitioner's statutory claim and that petitioner be immediately released.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to the statutory claim.

2. Respondents be ordered to IMMEDIATELY release petitioner Hilton Leobardo Suazo Gomez (A-205-995-219) and be ordered to provide petitioner with a copy of the release order at or near the time of release. If respondents have custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release.

3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation,

constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4. Given petitioner's pro se status, respondents be directed to file, within **seven days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.

5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Gomez7712.imm.157.RELEASE/2